IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON WILSON, o.b.o. T.M.W., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00400-N |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Social Security Claimant/Plaintiff Sharon Wilson, on behalf of her minor child T.M.W.,[1] has brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* By the consent of the parties (Doc. 18), the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 19).

Upon consideration of the parties' briefs (Docs. 15, 16), the administrative record (Doc. 14) (hereinafter cited as "(R. [page number(s)])"), and the arguments of counsel made at the hearing held April 1, 2015, the Court finds that the Commissioner's decision is due to be **REVERSED and REMANDED**.

## I.    Procedural Background

This is the second time Wilson has challenged the Commissioner's final decision

---

[1] The Court will hereinafter refer to the Plaintiff as "Wilson," except where specific reference to the minor child is appropriate.

denying her benefits.  Wilson filed an SSI application on March 16, 2007.[2]  (R. 25).
Social Security Administration ("SSA") Administrative Law Judge ("ALJ") Tracy S.
Guice first issued an unfavorable decision on Wilson's application on June 29, 2009,
finding that T.M.W. was "not disabled" under the Social Security Act.  (*See* R. 22-36).
The Appeals Council for the SSA's Office of Disability Adjudication and Review, after
considering additional evidence, issued a decision on March 9, 2012, denying Wilson's
request for review of ALJ Guice's decision.  (R. 1-7).

On May 8, 2012, Wilson sought judicial review of the Commissioner's March 9,
2012 final decision under § 1383(c)(3) with this Court.  *See Wilson v. Astrue*, SD ALA
Case No. 2:12-cv-307-C (hereinafter, "*Wilson I*").  After briefing was completed and oral
argument was held, on March 1, 2013, Magistrate Judge William Cassady, to whom the
parties had consented under § 636(c) and Rule 73, reversed the Commissioner's decision
and remanded for further proceedings under sentence four of 42 U.S.C. § 405(g).[3]  (*See*

---

[2] "SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability."  *Sanders v. Astrue*, Civil Action No. 11-0491-N, 2012 WL 4497733, at *3 (S.D. Ala. Sept. 28, 2012) (citing 42 U.S.C. 1382(a), 1382c(a)(3)(A)-(C)).  "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 20 C.F.R. § 416.202–03 (2005)).

[3] *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

R. 351-367); *Wilson I*, No. CA 2:12-00307-C, 2013 WL 788075, at *1 (S.D. Ala. Mar. 1, 2013).  More specifically, Judge Cassady found that ALJ Guice had failed to properly consider an April 13, 2007 questionnaire completed by one of T.M.W.'s teachers, Mary Howard, by only discussing those parts of the questionnaire that supported ALJ Guice's ultimate determination of "not disabled" while failing to discuss other portions of the questionnaire that indicated more severe impairments.  *See* (R. 363-367); *Wilson I*, 2013 WL 788075, at *7-9.  Judge Cassady thus reversed and remanded "for further proceedings not inconsistent with [his] decision." (R. 351, 366-367).  *Wilson I*, 2013 WL 788075, at *9.  The Commissioner did not appeal Judge Cassady's judgment.

Following remand, on May 13, 2013, the Appeals Council vacated the Commissioner's previous final decision and remanded the case to an ALJ "for further proceedings consistent with the order of the court." (R. 347-350).  The Appeals Council also consolidated the proceedings for Wilson's March 16, 2007 SSI application with those for a subsequent application for disability benefits Wilson filed March 10, 2010, and ordered the ALJ to "issue a new decision on the consolidated claims." (R. 347-350).

On April 7, 2014, a video hearing on Wilson's applications was held before ALJ Ricky V. South. (R. 306-307).  On June 6, 2014, ALJ South issued an unfavorable decision on Wilson's application.[4] (R. 304-326).  Because the Appeals Council did not assume jurisdiction over Wilson's case, ALJ South's decision constitutes the Commissioner's final decision after remand.  *See* 20 C.F.R. § 416.1484; (R. 305).  Wilson filed the present request for judicial review of that decision under § 1383(c)(3) on

---

[4] Though ALJ South's decision is dated "June 6, 2012," the parties agree that this was a clerical error and that the decision was issued in 2014.

3

August 28, 2014.[5]

## II.   <u>Standard of Review</u>

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))).  However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))).  " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' " *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007)  (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons.  [The court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted).  "In determining whether

---

[5] The record reflects that Wilson and her minor child reside in this judicial district.  Thus, venue is proper in this Court.  *See* 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business…").

substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Moreover, "[t]here is no presumption…that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid.  Instead, [the court] conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)) (internal citation omitted).  In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").  " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).

"Eligibility for…SSI requires that the claimant be disabled. 42 U.S.C. §…1382(a)(1)-(2)." *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. Feb. 11, 2015) (per curiam) (unpublished).[6]  "An individual under the age of 18

---

[6] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they

5

shall be considered disabled…if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C.A. § 1382c(C)(i). "Notwithstanding [§ 1382c(C)](i), no individual under the age of 18 who engages in substantial gainful activity…may be considered to be disabled." *Id.* § 1382c(C)(ii).

> The Social Security Administration uses a sequential, three-step analysis to determine whether a child is disabled. The claimant must establish (1) whether the child is working; (2) whether the child has a severe impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments. 20 C.F.R. § 416.924(a); *id.* Pt. 404, Subpt. P, App. 1…
>
> …To determine whether an impairment or combination of impairments "functionally equals" a listed impairment, the administrative law judge assesses the claimant on six domains, including (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *Id.* §§ 416.926a(a), (b)(1), (d). The claimant must establish that he suffers from an "extreme" limitation in one of the domains, or "marked" limitations in two of the domains. *Id.* § 416.926a(a). A "marked" limitation is one that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). " 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.*

*Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, No. 14-12154, 2015 WL 1774488, at *3-4 (11th Cir. Apr. 20, 2015) (published).[7]  "The burden lies with the claimant to prove that

---

may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014).  *See also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

[7] The Court will hereinafter use "Step One," "Step Two," and "Step Three" when referencing individual steps of this three-step sequential evaluation.

he meets or equals a Listing." *Gray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. Dec. 8, 2011) (per curiam) (unpublished) (citing *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991)).

### III.   Claims on Appeal

**Claim 1 –**   ALJ South "failed to address/committed the exact error of law previously identified by this Honorable Court in Wilson ex rel. T.M.W. v. Colvin, No. CA 2:12-00307-C, 2013 WL 788075, at *7-9 (S.D. Ala. Mar. 1, 2013) by ignoring the teacher questionnaire completed by Mary Howard."

**Claim 2 -**   ALJ South's "functionality findings fail to provide meaningful rationale addressing the legal significance of the fact that objective testing revealed that TMW had a grade equivalence of 2.6 in reading and 3.0 in math."

(Doc. 15 at 8).

### IV.   Analysis

### A.   Claim 1 (Failure to Comply with Previous Remand Order)

In *Wilson I*, regarding Ms. Howard's questionnaire, Judge Cassady stated:

Although the ALJ's decision references the questionnaire completed by Ms. Howard, T.M.W.'s teacher at Southside Primary School, the ALJ appears to only discuss evidence from Ms. Howard that supports the ALJ's ultimate conclusion that T.M.W. fails to functionally equal a listing.

For example, regarding "the functional area of moving about and manipulating objects," the ALJ states, "Ms. Howard, the claimant's teacher, rated only 6 out of 7 categories as a slight problem[,]" only rating the seventh category under that functional area, "Planning, remembering, executing controlled motor movements" as "a very serious problem." Similarly, for the functional area of health and physical well-being, the ALJ points out that "[t]he teacher questionnaire completed by Ms. Howard [ ] did not address this area."

However, Ms. Howard's questionnaire contains abundant evidence—evidence the ALJ fails to address—that cuts against the ALJ's conclusion that T.M.W. does not functionally equal a listing. Under the functional area of acquiring and using information, Ms. Howard rated T.M.W. as

very serious in all ten categories. Under the functional area of attending and completing tasks, Ms. Howard rated T.M.W. as very serious in 12 of 13 categories. Under the functional area of interacting and relating to others, Ms. Howard rated T.M.W. as very serious in nine of 13 categories.[FN6]

> FN6 - Interestingly, as to all three of these functional areas— acquiring and using information, attending and completing tasks, and interacting and relating to others—the ALJ cites the same evidence to support her conclusion that T.M.W. has less than a marked limitation, stating, verbatim, under each functional area: "This limitation is supported by Dr. Anderson's testimony, ***the teacher questionnaire in the record,*** treatment records regarding the claimant's improvement with medication, and the mother's testimony acknowledging improvement with medication." The less detailed teacher questionnaire completed by Joann Bailey on January 14, 2009 may indeed support the ALJ's conclusions, but the evidence provided by Ms. Howard, obviously, does not.

The ALJ could have chosen to discredit Ms. Howard's questionnaire. She could have chosen to reject it and accept Ms. Bailey's questionnaire since that questionnaire is more recent. But the ALJ cannot ignore Ms. Howard's questionnaire. And she certainly cannot "pick and choose" evidence from that questionnaire that supports her conclusion and ignore evidence that does not. The Commissioner must evaluate the evidence in its entirety, and the failure to do so leaves this Court not choice but to find that the ALJ's decision is not supported by substantial evidence.

2013 WL 788075, at *7-8 (record citations omitted).

Wilson argues that ALJ South failed to comply with Judge Cassady's directive in *Wilson I* to address adequately address the opinions in Ms. Howard's questionnaire. The Court agrees.  As Wilson points out, ALJ South only references Ms. Howard's questionnaire twice, and only by exhibit number (Administrative Record Exhibit 3E [R. 132-140]), in the following manner (the first time, in his general determination that T.M.W. did not satisfy Step Three, and again in specifically addressing the "health and physical well-being" domain):

> At the hearing on April 7, 2014, the claimant's representative indicated that Exhibit 3E shows the claimant has limitations in acquiring and using

information and attending and completing tasks.  The representative
stated that the claimant's IEP shows he is reading on the second and
third grades level versus performing on the ninth grade level in
Mathematics.  The representative stated the claimant struggles with
emotional problems and has problem completing tasks.  Nonetheless,
despite his mental limitations and mental health diagnoses, the claimant
has progressed in school with Special Education assistance.  At the
hearing on April 7, 2014, the claimant testified that he makes A's, B's,
some C's, and a few D's.  Despite his academic struggles, the claimant
testified that he aspires that he wants to be a welder.

(R. 319, 325).

At oral argument, Wilson accurately characterized this reference as, at most,

indicating that ALJ South considered of the arguments of Wilson's representative

concerning Ms. Howard's questionnaire.  There is no indication in ALJ South's opinion

that he actually considered any of the questionnaire itself, let alone addressed those

portions identified by Judge Cassady as "cut[ting] against the…conclusion that T.M.W.

does not functionally equal a listing."[8]  As Wilson also correctly notes, ALJ South

further muddied the waters by assigning "great weight to the reports of the claimant's

teachers" (R. 313), a category into which Ms. Howard's questionnaire undoubtedly falls.

Under the Social Security regulations,

[w]hen a Federal court remands a case to the Commissioner for further
consideration, the Appeals Council, acting on behalf of the Commissioner,
may make a decision, or it may remand the case to an administrative law
judge with instructions to take action and issue a decision or return the
case to the Appeals Council with a recommended decision. If the case is
remanded by the Appeals Council, the procedures explained in § 416.1477

---

[8] ALJ South made it a point to state that he had "carefully read and considered all evidence
regardless of whether it is specifically cited in the decision."  (R. 32).   However, "[i]t is
insufficient for an ALJ to state that he considered all of the evidence when he does not
indicate what weight was accorded to the evidence considered."  *Himes v. Comm'r of Soc.
Sec.*, 585 F. App'x 758, 765 (11th Cir. Sept. 26, 2014) (per curiam) (unpublished) (citing
*Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985); *Cowart v. Schweiker*, 662 F.2d 731, 735
(11th Cir. 1981)).  ALJ South's "catch-all" statement is particularly insufficient given that
he was specifically ordered to address Ms. Howard's questionnaire on remand.

will be followed. Any issues relating to [a] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.

20 C.F.R. § 416.1483.

On remand, "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). "A court 'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.' " *Apone v. Comm'r, Soc. Sec. Admin.*, 435 F. App'x 864, 865 (11th Cir. July 25, 2011) (per curiam) (unpublished) (quoting *Piambino v. Bailey,* 757 F.2d 1112, 1119 (11th Cir. 1985)). [9] [10]

---

[9] *Apone* expressly noted: "In general, our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir.2002). But here, Apone challenges only whether the ALJ complied with the remand order." 435 F. App'x at 865 n.4.

[10] *Accord Lederer v. Comm'r of Soc. Sec.*, No. 213-CV-761-FTM-CM, 2015 WL 403210, at *5 (M.D. Fla. Jan. 28, 2015):

> The scope of the ALJ's review on remand from the district court differs depending on the language of the Remand Order and subsequent Appeals Council decision. *See Spiceland v. Colvin*, No. 1:13–cv–114–MP–GRJ, 2014 WL 897003 (N.D. Fla. Mar.6, 2014) (emphasizing the importance of the particular language of the remand order when determining the scope of the ALJ's review). Here, Judge Chappell's order directed that the case be remanded solely for one issue: to clarify the inconsistency between the hypothetical posed by ALJ Lieb to the VE and her RFC determination. The Appeals Council then remanded the case to an ALJ "for further proceedings consistent with the order of the court." Tr. 539.

> Federal regulations limit an ALJ's authority on remand only to that expressly permitted by the Appeals Council and actions consistent therewith:

> > Pursuant to §§ 20 C.F.R. 404.977(b) and 416.1477(b), an ALJ "shall take any action that is ordered by the Appeals Council...." *Id.* The Eleventh Circuit has characterized such remand orders as mandates, stating that the lower court, in this case the ALJ, " 'may not alter, amend, or examine the mandate, or give any further relief or review,

Here, the Appeals Council expressly remanded Wilson's case to the ALJ "for further proceedings consistent with" Judge Cassady's opinion in *Wilson I* and instructed the ALJ to "issue a new decision." (R. 349). As Judge Cassady stated, "[t]he ALJ could have chosen to discredit Ms. Howard's questionnaire" or "could have chosen to reject it...But the ALJ cannot ignore Ms. Howard's questionnaire." 2013 WL 788075, at \*8. However, ignore Ms. Howard's questionnaire is precisely what ALJ South did, instead simply making two passing references to the arguments of Wilson's counsel concerning Ms. Howard's questionnaire. Because ALJ South failed to follow the Appeals Council's instructions on remand, he failed to apply the proper legal standards in reaching his decision, which mandates reversal.[11] *Ingram*, 496 F.3d at 1260. Accordingly, Wilson's claim of error at Claim 1 is **SUSTAINED**.

Generally, remand to the Commissioner "is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). This Court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id. See also Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) ("The credibility of witnesses is for the Secretary to determine, not the courts...The decision of the Secretary here,

---

but must enter an order in strict compliance with the mandate.' "

*Bowes v. Comm'r of Soc. Sec.*, No. 6:13–cv–766–Orl–GJK, 2014 WL 3853673, \*1 (M.D. Fla. Aug.5, 2014) (quoting *Apone v. Comm'r of Soc. Sec.*, 2011 WL 3055266, \*1 (11th Cir. July 25, 2011)).

[11] In reaching this conclusion, the undersigned need not, and does not, express any view regarding the correctness *vel non* of Judge Cassady's opinion in *Wilson I*. The undersigned concludes only that, however much ALJ South may have disagreed with it, he was not free to disregard it.

however, rests not so much on the credibility of the 'history of pain; presented by Carnes, as on the adoption of a legal standard improper under Listing 10.10(A). []The record in this case is fully developed and there is no need to remand for additional evidence. Based on the facts adduced below and after application of the proper legal standard, we hold that claimant met the requirements of Listing 10.10(A) as early as 1982.").   Here, however, it is not clear that the cumulative effect of the evidence establishes disability without any doubt.

Thus, the Court will reverse and remand this action to the Commissioner.[12]   *See* 42 U.S.C. § 405 (The court shall have power to enter, upon the pleadings and transcript of the record, a judgment…reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").   On remand, the Commissioner shall comply with Judge Cassady's remand order in *Wilson I*.

### B.   Claim 2 (Sufficiency of Functionality Findings)

In Claim 2, Wilson, citing a section of T.M.W.'s 8th Grade Individualized Education Program (IEP) (Exhibit 15E), "asserts that the ALJ's functionality findings fail to provide meaningful rationale addressing the legal significance of the fact that objective testing revealed that TMW had a grade equivalence of 2.6 in reading and 3.0

---

[12] *Cf. Hildebrand v. Comm'r of Soc. Sec.*, No. 6:11-CV-1012-ORL-31, 2012 WL 1854238, at *7 (M.D. Fla. May 4, 2012) ("The errors noted here compel a return of the case to the Commissioner to evaluate the evidence and make findings in the first instance. For the reasons set forth above, the Court finds that certain of the conclusions of the ALJ were not made in accordance with proper legal standards and are not supported by substantial evidence. The Court does not find that only one conclusion can be drawn from the evidence; but that the conclusion that was drawn did not meet the standard of review. Under such a circumstance, it would not be appropriate for this Court to substitute its opinion of the weight to be given the evidence for that of the Commissioner. While the Court has the power to do just that in an appropriate case, the Court finds this is not such a case."), *report and recommendation adopted,* No. 6:11-CV-1012-ORL-31, 2012 WL 1854249 (M.D. Fla. May 21, 2012).

in math when he was in the eighth grade…" (Doc. 15 at 12 (citing R. 471)).  In support, Wilson cites to a district court opinion's quotation of 20 C.F.R. § 416.926a(e)(2)(iii), which provides: "If you are a child of any age (birth to the attainment of age 18), we will find that you have a 'marked' limitation when you have a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score."  Wilson claims that "[t]he objective reading and math scores provide direct evidence that TMW was functioning two standard deviations below the mean."  (Doc. 15 at 12).

The SSA regulations provide that the Commissioner "will consider [a claimant's] test scores together with the other information…about [the claimant's] functioning."  20 C.F.R. § 416.926a(e)(4)(ii).  However, the Commissioner "will not rely on any test score alone.  No single piece of information taken in isolation can establish whether [a claimant] ha[s] a 'marked' or an 'extreme' limitation in a domain."  *Id.* § 416.926a(e)(4)(i).  *See also* 20 C.F.R. § 416.924a(a)(1)(ii).  Moreover, "[a]lthough the ALJ must consider the Listings, there is no requirement that the ALJ mechanically recite the evidence leading to his ultimate determination."  *Gray*, 454 F. App'x at 750 (citing *Hutchison v. Bowen,* 787 F.2d 1461, 1463 (11th Cir. 1986)).

Given that the Court has already determined that Claim 1 warrants remand, *see supra*, the Court need not, and does not, decide the merits of Claim 2.  *Cf. Salter v. Astrue*, Civil Action No. 11–00681–C, 2012 WL 3817791, at *2 (S.D. Ala. Sept. 4, 2012) ("Because the Court determines that the decision of the Commissioner should be

reversed and remanded for further proceedings based on the plaintiff's second claim, regarding the RFC determination, there is no need for the Court to consider the plaintiff's other claims." (citing *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."))).   However, on remand, the Commissioner should consider the need to address the grade equivalence scores Wilson has cited in accordance with 20 C.F.R. § 416.926a(e)(4) and 20 C.F.R. § 416.920b ("If the evidence in your case record is insufficient or inconsistent, we may need to take additional actions, as we explain in paragraphs (b) and (c) of this section.").[13]

## V.   <u>Conclusion</u>

In accordance with the foregoing analysis, it is **ORDERED** that ALJ South's June 6, 2014 decision denying Wilson's application for SSI benefits, which constitutes the final decision of the Defendant Commissioner of Social Security on the matter, is **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four of § 405(g) makes Wilson a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

---

[13] *Cf. Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (per curiam) ("While we do not base our decision on this issue, the ALJ failed to order a consultative examination by an orthopedist even though the SSA's consulting doctor recommended such an evaluation. The regulations provide that the ALJ may order a consultative examination when warranted.   It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision. On remand the ALJ should consider the need for an orthopedic evaluation." (citations omitted)).

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Wilson's attorney an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days after receipt of a notice of award of benefits from the Social Security Administration. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 13th day of May 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**