# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON WILSON, o.b.o. T.M.W., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00400-N |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the motion for fees under 42 U.S.C. § 406(b) (Doc. 27) filed by Brian Roy Charmichael, Esq., counsel of record for Plaintiff Sharon Wilson, o.b.o T.M.W. ("the Plaintiff").[2] The Defendant Commissioner of Social Security ("the Commissioner") has filed a response which neither "supports nor opposes" the motion and is instead made for informational purposes.[3] (Doc. 29). Charmichael has filed a reply (Doc. 30) to the response. The motion is now under submission. (*See* Doc. 28). Upon consideration, the Court finds that the § 406(b)

---

[1] On notice of the Plaintiff (*see* Doc. 30 at 1), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Acting Commissioner of Social Security under Federal Rule of Civil Procedure 25(d).

[2] A Social Security claimant's attorney is the real party in interest to a § 406(b) award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[3] "[T]he Commissioner of Social Security…has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

motion (Doc. 27) is due to be **GRANTED**.[4]

### I.     Background

The Plaintiff, at all times represented by Charmichael, commenced this action under 42 U.S.C. § 1383(c)(3) for judicial review of an unfavorable final decision of the Commissioner denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* (Doc. 1). In accordance with the Court's scheduling order (Doc. 7), the Commissioner filed her answer (Doc. 13) to the complaint and the record of the administrative proceedings (Doc. 14); the Plaintiff filed his brief identifying errors in the Commissioner's final decision (Doc. 15); and the Commissioner filed her brief responding to the Plaintiff's claims of error (Doc. 16). After holding oral argument, the Court reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g) (applicable to SSI claims under § 1383(c)(3)). (Docs. 21, 22). The Plaintiff subsequently filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)[5] (Doc. 23), which the Court granted, awarding the

---

[4] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 18, 19).

[5]
> [S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*,

Plaintiff $4,301.25. (Doc. 26).

Following remand to the Social Security Administration (SSA), an Administrative Law Judge ("ALJ") issued a fully favorable decision for the Plaintiff on her SSI application. (*See* Doc. 27-1). A notice of award of past-due benefits in the amount of $83,595.00 was issued April 10, 2017. (Doc. 27-3). Charmichael filed the present § 406(b) motion on May 1, 2017.

## II. <u>Analysis</u>

> [U]nder 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[6] "42 U.S.C. §

---

535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

[6] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal

406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).

### a. Timeliness

"Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." *Id.* Rule 54(d)(2)(B)(i) provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment." In ordering remand in this action, "the Court grant[ed he Plaintiff]'s attorney an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days after receipt of a notice of award of benefits from the Social Security Administration." (Doc. 19 at 3). Because Charmichael's § 406(b) motion was filed within 30 days of the date of the Plaintiff's notice of award, the motion is timely.

### b. Reasonableness

In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the

---

offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to the fee agreement made by [a claimant] and his attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

Section 406(b)(1)(A) "prohibits fee agreements from providing for a fee 'in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.' " *Id.* at 1285 (quoting 42 U.S.C. § 406(b)(1)(A)). However "the agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807). In retaining Charmichael, the Plaintiff entered into a "Contract for Employment for Representation in Social Security Claims" (Doc. 27-2), which provides, in relevant part, as follows:

> We agree that if the Social Security Administration favorably decides the claim(s) at the initial level, the reconsideration level, at the hearing level before the case has ever been to the Appeals Council, or the first time at the Appeals Council level, I will pay my representative a fee equal to the lesser of a) 25% of the past-due benefits due me and my family resulting from my claim(s) or b) $6,000.00 (or that amount above $6,000.00 that is authorized as the maximum fee pursuant to 42 U.S.C. § 406(a)(2)). If I win at any step after my case has been to the Appeals Council for the first time, (i.e. if I win in federal court, or I win at any time after a federal court or Appeals Council remand) then I agree to pay 25% with no cap. In no case will the fee charged be greater than the fee properly authorized by the Social Security Administration and/or by a court.

The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A). However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at

1828.

> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.*, 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.*, 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted).

Charmichael correctly calculates $20,898.75 as representing 25% of the Plaintiff's recovered past-due benefits. Charmichael further represents that he has petitioned the SSA for approval of a $6,000.00 fee for his services in representing the Plaintiff there. *See* 42 U.S.C. § 402(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Though there is no indication in the record that this petition has been approved,

Charmichael has chosen to reduce the 25% contingency fee by that amount for his § 406(b) fee request.[7]

Thus, the Court's duty now is to determine whether it is reasonable for Charmichael to receive $14,898.75 (i.e., $20,898.75 - $6,000.00) under § 406(b) for his services to the Plaintiff in this Court under their contingency fee agreement. Considering the amount of time Charmichael devoted to this case (23.25 hours) and the services performed (*see* Doc. 23-2), the Court finds that the benefits awarded to the Plaintiff are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. By all accounts, Charmichael appears to have obtained excellent results for his client through his efforts, and a review of the docket for this action does not indicate that Charmichael has been responsible for any significant delay. For instance, his social security brief was timely filed, he never requested a deadline extension, and he consented to the undersigned's jurisdiction, thus allowing the undersigned to order remand rather than having to issue a recommendation to the district judge. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Charmichael to be awarded $14,898.75 under § 406(b).

"[A]n attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b)

---

[7] *Cf. Thomas*, 359 F. App'x at 971 ("The Commissioner ultimately awarded Thomas $63,703.36 in total past-due social security benefits and set aside 25 percent of that award ($15,925.84) for attorney's fees. The attorney who represented Thomas during the administrative proceedings was awarded $5,300 in fees under § 406(a), leaving a balance of $10,625.84 for attorney's fees available under § 406(b).").

must refund the smaller fee to his client…" *Jackson*, 601 F.3d at 1274. "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision,…a refund is[ not] the only way to comply…[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request…" *Id.* at 1274. Charmichael has chosen the latter option. Accordingly, the Court will reduce the amount of the § 406(b) fee awarded from the Plaintiff's recovered past-due benefits to $10,597.50 (i.e., $14,898.75 - $4,301.25).

### III. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Charmichael's motion for fees under 42 U.S.C. § 406(b) (Doc. 27) is **GRANTED** and that Charmichael is awarded a reasonable fee under § 406(b) in the sum of **$14,898.75**, consisting of **$4,301.25** in the attorney's fees previously awarded to the Plaintiff under EAJA and paid to Charmichael, and **$10,597.50** to be paid from the Plaintiff's recovered past-due benefits.

**DONE** and **ORDERED** this the 23rd day of May 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**